# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:11-CV-527-MOC-DCK

| | |
|---|---|
| LIANE L. SCHUBRING, <br><br>   Plaintiff, <br><br> v. <br><br> EMERALD CARE, INC. d/b/a EMERALD CARE, an AMEDISYS COMPANY, <br><br>   Defendant. | **PROTECTIVE ORDER** |

This Protective Order ("Order") is issued to facilitate the exchange of confidential information under the Federal Rule of Civil Procedure 26. Unless modified by Court Order, this Order shall remain in effect from the commencement and through the conclusion of this litigation. Accordingly, pursuant to the Federal Rules of Civil Procedure, by agreement of counsel, and for good cause shown:

**IT IS HEREBY ORDERED AS FOLLOWS:**

This Protective Order shall govern the use of all designated information or documents, including all copies, excerpts and summaries thereof, revealed or produced during the course of discovery in this proceeding by any person whether in response to a document request, interrogatory, deposition, subpoena or otherwise (hereinafter referred to as "Discovery Materials"). All Discovery Materials furnished by any person shall be used solely for the purpose of this proceeding and for no other purpose.

This Protective Order shall also govern all documents and other discovery materials produced during discovery by any non-parties, where either the non-party or a party to this litigation requests the protections provided by this Order (also referred to hereinafter as "Discovery Materials").

**CONFIDENTIAL MATERIALS**

1. In providing Discovery Materials, any person may designate as confidential the whole or any part of any Discovery Materials where the person believes that disclosure might be improper or unlawful. Nothing contained herein shall be construed to limit the type or classification of documents or information for which confidential status may be sought.

2. Discovery Materials which a person wishes to designate as confidential shall be designated by their counsel as "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER" or by so stating on the record during a deposition (hereinafter referred to as "Confidential Materials").

3. Discovery Materials inadvertently disclosed without being designated as confidential may thereafter be designated as confidential by promptly notifying all persons who received the information, in writing, that such information is confidential and that the receiving person shall thereafter treat the information as Confidential Materials. However, nothing in this paragraph prevents a party from arguing that an unreasonable delay in designating the Discovery Material as confidential was a waiver of confidentiality.

4. A party receiving Confidential Materials may object in writing to such designation within 30 days of receipt. All objections must be served on all counsel of record. Any party may submit a response to the objection within 30 days of service of the objection. Said response must be served on all counsel of record. If the parties cannot resolve the matter among themselves in accordance with local court rules, any party may file appropriate pleadings with the Court, and

request that the Court enter an Order resolving the disputed issues based upon the objections and/or responses. The burden shall be on the party designating the information as confidential to justify why the information is entitled to confidential treatment. Pending resolution of a dispute concerning the applicability of this Order to a document, the document at issue will be deemed to be within the scope of this Protective Order.

5. If a party receives a subpoena or other process calling for production of Confidential Materials, the party receiving the subpoena or other process shall immediately give notice in writing to the party who produced the Confidential Materials, including the return date by which the Confidential Materials are to be produced and shall not disclose the Confidential Materials prior to said return date. Upon giving such notice, the party receiving the subpoena or other process shall have no further obligation to resist the production of the Confidential Materials pursuant to said subpoena or other process.

6. All Confidential Materials and all information derived therefrom, such as extracts, summaries, memoranda and correspondence quoting from such documents, may be used only for the purpose of preparing for and conducting discovery, pretrial, trial and post-trial proceedings in this action and for no other purpose.

7. Except as the Court may otherwise expressly direct and except as provided in paragraph 8 below, Confidential Materials may be disclosed only to (a) the Court, including its personnel both within Chambers and the Clerk of Court's office; (b) each party and counsel of record for each party actively engaged in this litigation and to paralegal assistants, office clerks and secretaries working under their supervision; (c) outside experts, retained for consultation or for testimony; and (d) witnesses being deposed under protective seal as provided herein; and (e) court reporters in the performance of their official duties. Prior to disclosure to persons described in

clauses (c), (d), and (e) counsel shall furnish a copy of this Protective Order to them and obtain the written certification of each such person to be bound by the terms of this Protective Order, which written certification shall be in the form shown on the attached Exhibit "A," and a copy of which shall be provided to all counsel on entry of a final Judgment in this matter.

8. Any person having knowledge or possession of any Confidential Material obtained through discovery in this litigation shall not disclose such material, its contents or any portion or summary thereof to any person, except as otherwise permitted by this Protective Order.

9. Upon termination of this litigation (defined as 60 days following the (a) entry of a final judgment that disposes of this litigation in its entirety and from which no appeal is taken or (b) issuance of a mandate by the last reviewing court that disposes of this litigation in its entirety), all copies of all Confidential Materials shall be returned to the producing party or destroyed. In addition, all extracts, tabulations and compilations containing portions of such Confidential Materials, and all computerized formats thereof and indices thereto, in any form whatever, shall be destroyed by the party that prepared them. Further, any document filed under seal may be returned to the party that filed or sealed the document.

10. If Confidential Materials are marked as a deposition exhibit, such exhibit shall be filed under seal. If testimony respecting Confidential Materials is elicited at a deposition, counsel for any party may request that the deposition transcript be treated as confidential. The request shall be made in writing not later than 21 days after receipt of the final deposition transcript. If such a request is made, the transcript shall be treated as confidential and, if requested, filed under seal, if it is filed in the record.

11. If Confidential Materials are filed with the Court in connection with a motion or otherwise, they shall be filed under seal. Each document that is the subject of an existing sealing

order, or the subject of a motion for such an order, shall be submitted to the Clerk's Office securely sealed, with the container clearly labeled "UNDER SEAL." The case number, case caption, a reference to any statute, rule or order permitting the item to be sealed and a nonconfidential descriptive title of the document shall also be noted on the container. If any party seeks to offer or use any Confidential Materials at a hearing, that party shall inform the other parties that it is about to do so, and any party may request that the hearing be conducted *in camera*, that the exhibit(s) be filed under seal, or any other relief as may be appropriate.

12. Any Confidential Materials which are designated by any party to be introduced at trial may be offered into evidence in open court unless the person who produced or originally generated the Confidential Materials obtains an appropriate protective order from the Court. Trial exhibits, including documents previously filed under seal, and trial transcripts will not be filed under seal, except upon a showing of necessity demonstrated to the trial judge.

13. The person who produced or originally generated such Confidential Materials must be given adequate notice and a sufficient opportunity to seek such a protective order. This notice requirement shall be deemed satisfied if the party who produced or generated such materials is notified in writing by the receiving party at any time up until two weeks prior to trial that such materials may be utilized at the trial of this matter or if such materials are designated as a trial exhibit in the final pretrial order.

14. The execution of the Protective Order shall not in any way whatsoever detract from the right of a party to object to the production of documents or information on grounds other than confidentiality. Nothing contained in this Order shall: (a) operate as an admission by any party that any particular Discovery Materials are, or are not, either confidential or admissible in evidence in

this action; or (b) prejudice in any way the right of any party to seek, by way of consent of all parties or by application to the Court, (I) to have information not covered by this Order treated as Confidential Materials within the meaning of this Order; (ii) additional protection for specific Confidential Materials; or (iii) relief from the provisions of this Order with respect to specific items or categories of Confidential Materials.

15. The obligation of confidentiality pursuant to this Order shall survive termination of this litigation. This Court shall retain jurisdiction for the limited purpose of enforcing this Order.

**NON-WAIVER OF PRIVILEGE OR OTHER PROTECTIVE
DOCTRINES BY INADVERTENT DISCLOSURE**

1. The parties recognize that some of the Discovery Materials produced by in this matter may contain attorney-client privileged communications or other information protected as "privileged" under the Federal Rules of Evidence or North Carolina Rules of Evidence and, hence, are not subject to disclosure under the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence ("Privileged Material"); the parties also recognize that some of the Discovery Materials produced in this matter may contain protected attorney work-product material prepared or compiled in anticipation of litigation and not subject to disclosure under the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and/or North Carolina Rules of Evidence ("Work-Product Material").

2. Therefore, the parties acknowledge that, despite each party's best efforts to conduct a thorough pre-production review of the Discovery Materials produced in connection with this matter, some Privileged Material and Work-Product Material (collectively, "Protected Material") may be inadvertently disclosed to parties during the course of this litigation.

3. The inadvertent disclosure of any Discovery Material, which is subject to a legitimate claim that the Discovery Material should have been withheld from disclosure as Protected Material, shall NOT waive any privilege or other applicable protective doctrine for that Discovery Material or for the subject matter of the inadvertently disclosed Discovery Material if the producing party, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure.

4. Notwithstanding anything herein to the contrary, if the receiving party has reason to believe that any Discovery Material was inadvertently disclosed by the producing party, the receiving party shall not read, disclose, or copy such Discovery Material, and shall promptly make the producing party aware of such belief.

5. Any document or ESI which the producing party deems to contain inadvertently disclosed Discovery Material shall be promptly returned to the producing party. Such obligation to return includes all copies, electronic or otherwise, of any such documents or ESI.

6. Except in the event that the requesting party disputes the claim that the Discovery Material should have been withheld from disclosure as Protected Material, any Discovery Material which the producing party deems to contain inadvertently disclosed Protected Material shall, upon written request, be promptly returned to the producing party or destroyed at the producing party's option. This includes all copies, electronic or otherwise, of any such documents. In the event that the producing party requests destruction, the requesting party shall provide written certification of compliance within thirty (30) days of such written request.

7. In the event that the requesting party disputes the producing party's claim as to the protected nature of the inadvertently disclosed Discovery Material, a single set of copies may be sequestered and retained by and under the control of requesting party for the sole purpose of

seeking court determination of the producing party's claim pursuant to Federal Rule of Civil Procedure 26(b)(5)(B).

8. Any Protected Material inadvertently disclosed by the producing party to the receiving party pursuant to this Agreement, shall be and remain the property of the producing property.

9. To the extent there may be inconsistency between the aforementioned stipulations in this Agreement and Federal Rule of Civil Procedure 26(b)(5) and the accompanying Committee Note, Rule 26(b)(5)(B) and the Committee Note shall control.

Nothing contained in this Protective Order shall preclude any party from moving at any time for a modification of any provision of this Protective Order.

Charlotte, North Carolina.

Signed: August 3, 2012

_____
David C. Keesler
United States Magistrate Judge

# EXHIBIT "A"

**CERTIFICATION CONCERNING CONFIDENTIAL OR RESTRICTED
DOCUMENTS OR INFORMATION COVERED BY A PROTECTIVE ORDER**

I, the undersigned, hereby acknowledge that I have read the attached Protective Order, dated _____, 2012, entered by the Court in the lawsuit *Liane L. Schubring v. Emerald Care, Inc. d/b/ Emerald Care, an Amedisys Company,* Civil Action No. 3:11-527, United States District Court, Western District of North Carolina Charlotte Division, and I agree to be bound by it. I understand that any documents or information, designated "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER" shall not be disclosed to anyone or used for any purpose whatsoever other than this litigation and, upon completion of use, shall be promptly returned to counsel who provided the confidential or restricted documents or information to me. I further understand that the use of any documents or information designated as confidential in any manner contrary to the provisions of the Protective Order may subject me to sanctions of this Court for contempt.

**DATED: _____**

_____